**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 22, 2021
Date Decided: July 26, 2021

Kevin R. Shannon, Esq.
Christopher N. Kelly, Esq.
Daniel M. Rusk, IV, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801

Rudolf Koch, Esq.
Kevin M. Gallagher, Esq.
Daniel E. Kaprow, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *RPFG Holdings, LLC v. Freedom Mortgage Corporation*,
C.A. No. 2020-0161-SG

Dear Counsel:

On April 6, 2021, I heard oral argument on the Plaintiff's Motion to Dismiss the Defendant's counterclaim.[1] The Defendant's counterclaim seeks "damages in the full amount of the Indemnity Letter of Credit" for the Plaintiff's alleged breaches of the Merger Agreement between the parties.[2] The Plaintiff argued that the counterclaim was released under an agreement entered into by the parties in connection with a partial settlement in this matter.[3] At oral argument, I asked

---

[1] 4-6-21, Oral Arg. and Rulings of the Court on Pl.'s Mot. to Dismiss Def.'s Countercl., Dkt. No. 189 [hereinafter "MTD Tr."].
[2] Def.'s Am. Answer to the Verified Am. Compl. And Verified Countercl., at Prayer for Relief ¶ A, Dkt. No. 170 [hereinafter "Countercl."].
[3] *See generally* Pl.'s Mot. to Dismiss Def.'s Verified Countercl., Dkt. No 168.

counsel whether the counterclaim could also be brought as a defense—specifically, as a setoff to the Plaintiff's claim for damages.[4] Counsel had not considered that question, and the Plaintiff did not concede that the counterclaim could be brought as a setoff at the time.[5] At the conclusion of the argument, I told the parties that the dispute over the Defendant's counterclaim should be decided after limited discovery in way of a motion for summary judgment. The parties conducted that discovery and submitted cross-motions for partial summary judgment, which I heard on July 22, 2021.

During the argument for the motions for summary judgment, I again raised the issue of whether the counterclaim could be brought as a setoff defense.[6] This time, the parties agreed that it could.[7] Moreover, a review of the extrinsic evidence relied on by both parties makes it clear that the Defendant intended to retain the right, at least, to prove damages to set against any proved by the Plaintiff. In light of those facts, I indicated that it might be in the interests of efficiency to defer decision on the cross-motions until after a trial record was created.

The Plaintiff, in opposition to that contention, noted that any set off would require the Defendant to prove that it was actually damaged by the Plaintiff's alleged

---

[4] MTD Tr. 9–11.
[5] MTD Tr. 11.
[6] 7-22-21, Rough Tr. of Oral Arg. on Cross-Mots. for Partial Summ. J., at 45 [hereinafter "MSJ Tr."].
[7] MSJ Tr. 45, 62.

2

breaches of the Merger Agreement.[8]  I agree.  But the point is that the Defendant is under the same burden of proof if it pursues an affirmative claim, as well.  In other words, if I enter summary judgment for the Defendant on the viability of its affirmative claim, the Defendant will attempt to present evidence of damages at trial. If I enter summary judgement for the Plaintiff on the affirmative claim, the Defendant nonetheless will attempt to present evidence of damages at trial. Consideration of the cross-motions at this time, in other words, will not eliminate issues for trial, and will be of marginal utility.  Interests of efficiency are not greatly served by this motion practice, I conclude.

Additionally, I note, addressing this issue of whether the Defendant's affirmative claims were waived in connection with the settlement would result in an opinion that is akin to advisory.  Now that it is clear that the Defendant's claim can be brought, in any event, as a setoff, consideration of whether the affirmative claim has been waived only becomes necessary if it proves, after trial, that the Defendant has damages greater than those proved by the Plaintiff.  Only if such a delta exists will it matter if the Defendant's damages are affirmative or merely a set-off. Accordingly, any decision on the nature of the Defendant's claim for damages— whether it can be an affirmative claim or must be a defense—is unripe, contingent

---

[8] MSJ Tr. 62.

3

as it is on the ultimate proof of an excess of the Defendant's damages over the Plaintiff's.

For those reasons, I decline to address the nature of the Defendant's claim at this time. Having said that, I note that counsels' efforts in briefing and presenting the cross-motions for summary judgment are commendable, and I do not consider the efforts wasted; to the contrary, I found the briefing and argument helpful and illuminating. I now consider this issue to be fully submitted and, should I need to resolve it, I will have no need for further submissions. Until that time comes, however, I reserve decision on the cross-motions.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc: All counsel of record (by *File & ServeXpress*)

4